IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WILLIAM MAWSON, SR., | : | Civ. No. 3:24-CV-2132 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Bloom) |
| SHANE SCHNEIDER, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I.  Statement of Facts and of the Case

The *pro se* plaintiff, Robert Mawson, filed this action on December 11, 2024, along with a motion for leave to proceed *in forma pauperis*. (Docs. 1, 2).  The defendants have now moved to dismiss the complaint.[1] (Doc. 17).  In his complaint, Mawson appears to allege that the defendants violated his due process rights in connection with a traffic

---

[1] Because the court's screening review of a complaint filed with a request to proceed *in forma pauperis* mirrors the standard applied when considering a motion to dismiss, we consider both motions together in this Memorandum Opinion. *See Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (noting that the standards for "[w]hether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)," including the Court's dismissal of a complaint for lack of subject-matter jurisdiction).

citation he received in November of 2024. (Doc. 1). As best we can discern, Mawson's complaint asserts that he was involved in a motor vehicle accident in November of 2024, and he was denied an opportunity to "amend photos and evidence," including photographs he took at the accident scene. (*Id.* at 1, 4-5). A review of the state court docket in Mawson's case indicates that he was found guilty of the traffic citation after a summary trial on December 16, 2024. *Commonwealth v. Mawson*, MJ-43301-TR-0001284-2024. Mawson's case is currently awaiting a summary appeal trial in the Court of Common Pleas of Monroe County. *See Commonwealth v. Mawson*, CP-45-SA-0000014-2025.[2]

Mawson asserts claims of due process violations, "intentional/willful negligence," and malicious prosecution against the officers involved in the traffic incident. (*Id.* at 3-7). As relief, he requests compensatory damages, including damages for emotional distress, as well as punitive damages against the defendants. (*Id.* at 7). The defendants have now moved to dismiss the complaint, arguing that

---

[2] We may take judicial notice of the public dockets in Mawson's underlying state court case. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

Mawson's claims are barred by the *Rooker-Feldman* doctrine, and further, the complaint fails to state a claim upon which relief can be granted.[3] (Doc. 17).

After consideration, we will abstain from reaching the merits of Mawson's claims under the *Younger* abstention doctrine, as his claims remain pending in state court. Accordingly, this action will be dismissed without prejudice to Mawson re-asserting his rights at the conclusion of his state court case.

## II.  Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory

---

[3] We are constrained to note the unusual posture of the docket regarding the motion to dismiss. While the defendant filed the motion to dismiss on the docket on February 6, 2025, the motion indicates that counsel served the motion on the plaintiff in December of 2024. (Doc. 17). While the motion was not filed at that time, it is evident that the plaintiff received the motion, as he filed a brief in opposition to the motion to dismiss on January 10, 2025. (Doc. 10).

preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

4

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically

attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

B. <u>The Complaint will be Dismissed.</u>

The defendants have filed a motion to dismiss, arguing that Mawson's claims are barred by the *Rooker-Feldman* doctrine, and further, that the complaint fails to state a claim. After consideration, we conclude that we should abstain from deciding the merits of Mawson's claims under the *Younger* abstention doctrine, since his case is pending on appeal in state court at this time.

As the Third Circuit has explained, "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). The doctrine contemplates three legal requirements that must be met before a court exercises its discretion to abstain: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Kendall*, 572 F.3d at 131 (citing *Matusow v. Trans–County Title Agency*, LLC, 545 F.3d 241, 248 (3d Cir. 2008)). Courts have frequently abstained from hearing

claims that necessarily interfere with ongoing state criminal cases. *See Lui v. Commission on Adult Entertainment Establishments*, 369 F.3d 319 (3d Cir. 2004); *Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002).

Here, Mawson's claims sound in malicious prosecution and due process violations. These claims arise out of state traffic court proceedings that are currently pending appeal in Monroe County. Thus, the requirements for *Younger* abstention—ongoing state proceedings that implicate important state interests and give the plaintiff an adequate opportunity to raise his claims—are met here. Given the paramount importance to the state of the enforcement and resolution of traffic laws, we believe that we should exercise our discretion to abstain from these claims involving Mawson's ongoing state court matters.[4]

Thus, because we have concluded that we should abstain from considering the merits of Mawson's claims under *Younger*, we will

---

[4] We further note that to the extent Mawson asserts a malicious prosecution claim, he has failed to show that the underlying proceedings terminated in his favor. *See Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (setting for the elements of a malicious prosecution claim under 42 U.S.C. § 1983). Rather, the state court docket indicates that Mawson was found guilty after a summary trial and has appealed.

dismiss this complaint without prejudice. As the Third Circuit has explained:

> [W]here *Younger* abstention is appropriate, federal courts "have no occasion to address the merits" of the plaintiff's federal claims. [*Lui*, 369 F.3d at 328]. And without a merits-based decision, the dismissal of his federal case does not implicate claim preclusion or otherwise prevent Eldakroury from returning to federal court if his ongoing state prosecution concludes without a resolution of his federal claims.

*Eldakroury v. Attorney General of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015); *see also Zahl v. Warhaftig*, 655 F. App'x 66, 71-72 (3d Cir. 2016). Accordingly, we will dismiss this case without prejudice to Mawson re-asserting these constitutional claims at the conclusion of his state court case, should he choose to do so.

## III. Conclusion

For the foregoing reasons, the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be conditionally granted, but the complaint will be DISMISSED WITHOUT PREJUDICE to the plaintiff re-asserting his claims at the conclusion of his state court proceedings.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge